## BRUCKMAN v. MILLER.

(Court of Appeals of District of Columbia. Submitted May 13, 1920. Decided June 2, 1920.)

No. 1316.

1. Patents ⌑97—Proceedings before Commissioner of equitable nature.

Proceedings in the Patent Office are of an equitable nature, and, so long as a case is pending, it is within the supervision of the Commissioner, who is charged with the duty of seeing that full justice is done, proceeding with due regard for the requirements of the statutes and the rules of practice affecting procedure in the Patent Office.

2. Patents ⌑104—Commissioner may order case reopened to take testimony.

Commissioner of Patents, in the exercise of his supervisory power, may order a case reopened for the taking of additional testimony.

3. Patents ⌑91(4)—Patentable idea held derived from junior party under evidence.

In a proceeding in the Patent Office on application for a patent for a machine for making cones used as receptacles for ice cream, evidence held to show that applicant for patent derived from junior party the information which enabled him to file his application, resulting in the junior party being entitled to priority.

⌑For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Commissioner of Patents.

Proceeding between Frederick A. Bruckman and Frederick A. Miller in the Patent Office. From a decision in favor of the latter, the former appeals. Reversed.

A. E. Dieterich, of Washington, D. C., for appellant.

T. J. Geisler, of Portland, Or., for appellee.

VAN ORSDEL, Associate Justice. The issue of this interference relates to the invention of a machine for making cones used as receptacles for ice cream. It is unnecessary to set out the claims or to consider the invention in detail, since the appeal turns wholly upon the question of originality.

It is urged by appellant, the junior party, that appellee, Miller, derived from him the information which enabled him to file his application for patent. Certain conceded facts are important. Both parties were employed by the Crystal Ice & Storage Company, of Portland, Or. Miller had access to the room where Bruckman was engaged in building a rotary cone-making machine, which he had invented, and of which the present invention is a modification. Miller admits that he frequently visited the room where Bruckman was at work, and admits that Bruckman disclosed to him the broad idea of the present invention, but denies that he derived from him any information as to the details by which the problem could be solved.

The Examiner of Interferences found in favor of Bruckman, but was reversed by the Board of Examiners in Chief and the Assistant Commissioner, upon the ground, as stated by the Commissioner:

"If the claims cover broadly the mere reversal of the moving parts (the molds and the batter carriage) in the machine of this patent, then it is clear that either there was no invention or that Miller got the broad idea from Bruckman. If, on the other hand, the invention is more narrowly the specific means of operating—that is to say, the solution of the problem of reversing the relative motions of the heavy and light parts—then Bruckman entirely fails to show any disclosure to Miller."

We are convinced from a careful review of the testimony that Bruckman not only disclosed to Miller the broad idea of the invention, but the means of operation, to enable Miller, with the additional knowledge he had of the Bruckman rotary machine then in course of construction, and with the assistance of counsel, to prepare his application for patent. In these matters Miller stands alone, while Bruckman is amply corroborated.

This deduction from the testimony is verified, however, by the sworn admissions of Miller. When the case was pending on appeal before the Assistant Commissioner, Miller voluntarily made two affidavits in which he admitted that he derived the whole invention from Bruckman. He states in the first affidavit as follows:

"I make this affidavit for the reason that I have been instrumental in causing Mr. Bruckman a good deal of trouble and expense, and that Mr. Bruckman originated the idea of the machine I have been heretofore claiming as my own."

In the second affidavit, after stating in detail the circumstances under which he derived the information from Bruckman, he says:

"As heretofore stated, I made this affidavit and the affidavit dated December 25, 1918, of my own free will; that I have not received any money or property of any kind or promise of reward for making the same; that I voluntarily approached Mr. Bruckman and told him what I would do; that we have discussed what occurred, when he was working on his machine, and from talking the matter over, my mind has been refreshed, and matters that did not transpire have been called to mind that I had entirely forgotten. I very much regret to make this affidavit. I feel it my duty now to make the affidavit; that I am convinced that I would not have been able to build this machine, if I had not obtained the original idea from Mr. Bruckman."

The Commissioner, in denying Bruckman's motion to reopen the proofs and introduce the testimony of Miller, gave as a reason that in the affidavits "Miller fails to say that Bruckman disclosed to him the real invention in issue," and also that the affidavits did not disclose newly discovered evidence, "for not only was it open to Bruckman to take Miller's testimony at the time of taking his proofs, but Miller was bound to know, when he testified, all that he now alleges he knows and proposes to testify."

[1, 2] These proceedings are of an equitable nature, and, so long as the case is pending in the Patent Office, it is within the supervision of the Commissioner, who is charged with the duty of seeing that full justice is done, proceeding with due regard for the requirements of the statutes and the rules of practice affecting procedure in the Patent Office. There was nothing, however, to prevent the Commissioner, in the exercise of his supervisory power, to order the case reopened for the taking of additional testimony.

[3] While the denial of the motion to reopen the case constitutes reversible error, which would, standing alone, necessitate sending the case back for the taking of further testimony, we deem this course unnecessary, since on the evidence, regardless of the affidavits, Bruckman is entitled to priority.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.

Reversed.